UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN R. VANDER-MEULEN,

                Plaintiff,

vs.                                    Case No. 2:06-cv-376-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #16), filed on July 13, 2007, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections (Doc. #17) on July 27, 2007.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

**A. Residual Functional Capacity:**

Plaintiff asserts that the Administrative Law Judge's (ALJ) determination of plaintiff's residual functional capacity (RFC) was erroneous because it failed to accord appropriate weight to the medical opinions of plaintiff's treating and examining physicians. Specifically, the ALJ found plaintiff had the RFC to perform sedentary work, while three treating physicians opined that plaintiff was unable to perform the exertional level of sedentary work.

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." Lewis v. Callahan, 125 F.3d

1436, 1440 (11th Cir. 1997). The Court is concerned with the doctors' evaluation of claimant's condition and the medical consequences of the condition, not their opinions of the legal consequences of the condition. Id. The Court's focus is on the objective medical findings made by each doctor and their analysis based on those medical findings. Id.

The Court agrees with the Report and Recommendation (Doc. #16, pp. 18-22) that the ALJ's determination of plaintiff's RFC was based on substantial evidence and was in compliance with the social security disability regulations with regard to the evaluation of the medical evidence and plaintiff's testimony and credibility. Accordingly, plaintiff's objection is overruled.

**B.   Plaintiff's Mental Impairment:**

Plaintiff asserts that the ALJ failed to properly evaluate her mental condition because he failed to give the opinions of her examining and treating physicians substantial weight. As a result, plaintiff argues, the ALJ also failed to include the proper mental limitations in the hypothetical question to the vocational expert. The Court agrees with the analysis in the Report and Recommendation (Doc. #16, pp. 22-25). Accordingly, plaintiff's objection is overruled.

**C.   Pain and Credibility:**

Plaintiff argues that the ALJ failed to properly analyze her pain and credibility because he failed to apply SSR 96-7 and adhere

to the Eleventh Circuit's pain standard in cases such as Holt v. Sullivan, 921 F.2d 1221 (11th Cir. 1991); improperly found that she did not have a medical condition capable of producing pain and that her testimony about pain and other symptoms was not credible; failed to accord her treating physicians appropriate weight because of an alleged lack of objective medical evidence when the objective medical evidence supports the diagnosis of fibromyalgia and associated pain; ignored the opinions of her treating and examining psychiatrist and of two state consultants regarding her mental status; and therefore asked hypothetical questions to the vocational expert were defective and cannot be relied upon. Plaintiff further asserts that fibromyalgia presents unique problems in the social security disability claim context, and that it is evident from the ALJ's Decision that the ALJ does not believe fibromyalgia has been recognized as a legitimate medical impairment, and the ALJ implies that Dr. Stegman does not believe in the diagnosis of fibromyalgia.

The ALJ's Decision clearly refutes plaintiff's claim that the ALJ did not believe fibromyalgia was a legitimate medical impairment. The ALJ specifically found that plaintiff suffered from severe impairments, including fibromyalgia. (Tr. 19, 30.) The ALJ noted diagnosis of fibromyalgia-type symptomatology by Dr. David Baldinger (Tr. 20), treatment for fibromyalgia by Dr. Bloy (Tr. 21), initial diagnosis of fibromyalgia by Dr. Stegman (Tr. 21), a disability opinion by Dr. Stegman based in part on her

diagnosis of fibromyalgia (Tr. 22), the impression by consultative physician Dr. Sunil Lalla which included fibromyalgia (Tr. 22), a fibromyalgia diagnsis and residual functional questionnaire by Dr. Michael Woulas (Tr. 24), and a fibromyalgia diagnsis and residual functional questionnaire by Dr. Paul Arnold (Tr. 24).  The ALJ accurately quoted Dr. Stegman's report that plaintiff "has fairly typical fibromyalgia if there is such a thing."  (Tr. 25-26.)  The ALJ discounted <u>Dr. Stegman's</u> complete disability opinion as being "highly questionable", not the existence of fibromyalgia as an impairment, because Dr. Stegman was not sure of any viable diagnosis and her assessment was based on plaintiff's subjective pain complaints, which the ALJ discounted for specific reasons. (Tr. 26-27.)

The ALJ clearly recognized the correct legal standard, citing both SSR 96-7p and an Eleventh Circuit decision setting forth the pain standard, <u>Landry v. Heckler</u>, 782 F.2d 1551 (11th Cir. 1986). (Tr. 19-20, 24.)  Applying this standard, the ALJ found that plaintiff's subjective allegations were not supported by the weight of the evidence and were therefore only partially credible.  (Tr. 20, 24-25.)  The Court also agrees with the findings of the Report and Recommendation as to the remaining issues (Doc. #16, pp. 25-30).

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #16) is **accepted and adopted** by the Court.

2.  The Decision of the Commissioner of Social Security is **affirmed**.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of August, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record